IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ALLISON LINKO, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | 3:14-CV-01331 |
| | : | (Judge Mariani) |
| MDA CAPITAL, INC., et al., | : | |
| | : | |
| Defendants. | : | |

## MEMORANDUM OPINION

### I.  Introduction

Presently before the Court is a Motion to Dismiss Plaintiff's Complaint for failure to state a claim. (*See* Mot. to Dismiss, Doc. 5.) For the reasons that follow, the Court will grant the Motion and dismiss the Complaint with leave to amend.

### II.  Factual Allegations and Procedural History

Plaintiff is a consumer who filed a claim under the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681b. (*See id.* at ¶¶ 18, 22.) Her Complaint alleges very few facts, and relies almost entirely on speculation and legal conclusions. Putting those allegations to one side, the Court is left with the factual allegations that "prior to the commencement of this action, Defendant accessed Plaintiff's consumer report," (Compl., Doc. 1-2, at ¶ 12), despite the fact that "Plaintiff had not authorized defendants to access or use plaintiff's consumer report," (*id.* at ¶ 15), and that "Plaintiff did not initiate any transaction with defendant," (*id.* at

¶ 17) (inconsistencies in party designations in original). The Court accepts these factual averments as true for purposes of a Motion to Dismiss.

The rest of the Complaint consists of speculation and legal conclusions that cannot so simply be accepted as true. Thus, Plaintiff alleges that "Defendant accessed Plaintiff's consumer report for the purpose of 'prescreening' Plaintiff consumers [*sic*] based on information contained in Plaintiff's consumer report," which Plaintiff alleges is an improper practice. (*Id.* at ¶¶ 12-14.) Plaintiff's opinions on propriety notwithstanding, Plaintiff provides no allegations in the Complaint beyond her own *ipse dixit* that could lead the Court to conclude that pre-screening was involved.

Plaintiff also makes the conclusory statement that "Defendant had no reason to believe that Plaintiff had authorized defendants or defendants' agents to access plaintiff's consumer report or use information therein," (*id.* at ¶ 16), without specifying how she came upon this knowledge of Defendant's mental state.

Plaintiff then alleges that Defendant acted without a "'permissible purpose,' because Defendant did not make a 'firm offer of credit' in connection with the advertising and promotional purposes for which Plaintiff's consumer report was accessed by Defendant." (*Id.* at ¶ 20.) Instead, Plaintiff alleges that "Defendant accessed Plaintiff's consumer report merely for the purpose of selling plaintiff's information to interested automobile dealers who might be interested in inviting Plaintiff to a special sale or event." (*Id.* at ¶ 21.) Again,

2

Plaintiff does not explain to the Court how she knows this, and relies instead on her own

conclusory assertion.

Finally, Plaintiff alleges that Defendant's conduct was willful. (*Id.* at ¶ 22.) She

states that

> Plaintiff believes and avers that Defendant's conduct was willful for reasons
> including but not limited to the following.
> a. The number of similarly situated consumers whose consumer
>    reports were unlawfully accessed by Defendant.
> b. One or more prior lawsuits against Defendant for similar
>    misconduct as that which is described in this Complaint. Such
>    prior lawsuit(s) would have occurred prior to the date that
>    Defendant(s) unlawfully accessed Plaintiff's consumer report.
>    Such prior lawsuit(s) would have placed Defendant(s) on notice of
>    their illegal misconduct in connection with accessing consumers'
>    reports without a permissible purpose in violation of 15 USC 1681
>    b of the FCRA.
> c. It is believed and averred that Defendant(s)' acts and omissions
>    were caused by Defendant(s)' standard business practices,
>    policies and procedures antithetical to Defendant(s) [*sic*] duties to
>    provide telephone numbers pursuant to 15 USC 1692b et seq.

(*Id.* at ¶ 31.) Plaintiff provides no support for these transparently vague and conclusory

allegations.

Defendant then filed the instant Motion to Dismiss.

## III. Standard of Review

A complaint must be dismissed under Federal Rule of Civil Procedure 12(b)(6) if it

does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl.*

*Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007). "A

claim has facial plausibility when the plaintiff pleads factual content that allows the court to

draw the reasonable inference that the defendant is liable for the misconduct alleged."

*Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need

detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement

to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of

action's elements will not do." *Twombly*, 550 U.S. at 555, 127 S. Ct. at 1964-1965 (internal

citations and alterations omitted). In other words, "[f]actual allegations must be enough to

raise a right to relief above the speculative level." *Id.* at 555, 127 S. Ct. at 1965. A court

"take[s] as true all the factual allegations in the Complaint and the reasonable inferences

that can be drawn from those facts, but . . . disregard[s] legal conclusions and threadbare

recitals of the elements of a cause of action, supported by mere conclusory statements."

*Ethypharm S.A. France v. Abbott Laboratories*, 707 F.3d 223, 231, n.14 (3d Cir. 2013)

(internal citations and quotation marks omitted).

> *Twombly* and *Iqbal* require [a court] to take the following three steps to
> determine the sufficiency of a complaint: First, the court must take note of the
> elements a plaintiff must plead to state a claim. Second, the court should
> identify allegations that, because they are no more than conclusions, are not
> entitled to the assumption of truth. Finally, where there are well-pleaded
> factual allegations, a court should assume their veracity and then determine
> whether they plausibly give rise to an entitlement for relief.

*Connelly v. Steel Valley Sch. Dist.*, 706 F.3d 209, 212 (3d Cir. 2013).

"[W]here the well-pleaded facts do not permit the court to infer more than the mere

possibility of misconduct, the complaint has alleged—but it has not show[n]—that the

4

pleader is entitled to relief." *Iqbal*, 556 U.S. at 679, 129 S. Ct. at 1950 (internal citations and

quotation marks omitted). This "plausibility" determination will be a "context-specific task

that requires the reviewing court to draw on its judicial experience and common sense." *Id*.

However, even if a "complaint is subject to a Rule 12(b)(6) dismissal, a district

court must permit a curative amendment unless such an amendment would be

inequitable or futile." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 245 (3d Cir. 2008).

> [E]ven when plaintiff does not seek leave to amend his complaint after a
> defendant moves to dismiss it, unless the district court finds that
> amendment would be inequitable or futile, the court must inform the plaintiff
> that he or she has leave to amend the complaint within a set period of time.

*Id*.

## IV. Analysis

The FCRA provides, in relevant part, that

> any consumer reporting agency may furnish a consumer report under the
> following circumstances and no other: . . . . To a person which it has reason
> to believe—intends to use the information in connection with a credit
> transaction involving the consumer on whom the information is to be
> furnished and involving the extension of credit to, or review or collection of an
> account of, the consumer . . . .

15 U.S.C. § 1681b(a)(3)(A). A consumer reporting agency may only furnish a consumer

report under the foregoing subsection "in connection with any credit transaction that is not

initiated by the consumer" and that not is authorized by the consumer if, among other

things, "the transaction consists of a firm offer of credit or insurance." *Id.* at §

5

1681b(c)(1)(A)-(B)(i).[1]  "Firm offer of credit or insurance" is a defined term in the FCRA,

which means "any offer of credit or insurance to a consumer that will be honored if the

consumer is determined, based on information in a consumer report on the consumer, to

meet the specific criteria used to select the consumer for the offer," and which includes

certain definitional qualifications not pled in the Complaint. *Id.* at § 1681a(*l*) ; *see also*

*Gelman v. State Farm Mut. Auto. Ins. Co.*, 583 F.3d 187, 195 (3d Cir. 2009) ("A 'firm offer' is

one that will be 'honored' (if the verification checks out).")

Plaintiff argues that, while "[t]he dealer(s) [i.e., the entities on whose behalf she

believes Defendant accessed her credit report] may or may not have made an offer of credit

[to her] . . . that really doesn't matter here." (Pl.'s Br. in Opp. to Mot. to Dismiss, Doc. 11, at

4.) That is because "the Defendant, MDA Capital, Inc. never made the offer, but instead

tried to delegate the responsibility to make the offer to an unknown automobile dealer." (*Id.*)

Therefore, Plaintiff contends that Defendant's purpose in accessing her consumer report

was only to provide information to third parties, which is impermissible under the FCRA.

(*See id.*)

The Court cannot agree, and rather concludes that Plaintiff's argument contradicts

the FCRA's plain terms.  The Act nowhere requires that the party accessing the report has

to be the same party making the firm offer of credit.  Instead, it loosely allows a party to

access a consumer report "*in connection with* a credit transaction."  *See* 15 U.S.C. §

---

[1] The statute imposes other substantive limitations on when an agency may furnish a consumer report. *See id.* at 16b(c)(1)(B)(ii)-(v), (e). However, these are not discussed in the Complaint, so the Court need not address them here.

6

1681b(a)(3)(A); *see also id.* at § 1681b(c)(1) ("*in connection with any* credit or insurance

transaction") (emphases added). Therefore, Plaintiff's own allegation that "Defendant

accessed Plaintiff's consumer report merely for the purpose of selling plaintiff's information

to interested automobile dealers who might be interested in inviting Plaintiff to a special sale

or event," (Compl. at ¶ 21), even if credited as true and not as speculation for purposes of

the Motion to Dismiss, fails to state a claim on which relief can be granted because it fails to

indicate that selling the report to interested automobile dealers was not done *in connection*

with a firm offer of credit by those automobiles dealers to the Plaintiff.

When the Court disregards Plaintiff's argument that Defendant cannot act with third

parties to provide firm offers of credit, it becomes clear that the remainder of Plaintiff's

Complaint fails the Rule 12(b)(6) pleading standards on multiple grounds. [2]  Most

importantly, the Complaint does not plead that, if Defendant accessed Plaintiff's report, it

acted with an impermissible purpose. But at an even more basic level, the Complaint does

not allege any facts stating, for instance: when her consumer report was accessed; who

accessed it; how she knows it was accessed by Defendant; how she knows that Defendant

---

[2] The Court is aware of no authority allowing it to consider the attachments to Plaintiff's Brief in Opposition at the Motion to Dismiss stage. *See, e.g., Pennsylvania ex rel. Zimmerman v. PepsiCo, Inc.,* 836 F.2d 173, 181 (3d Cir. 1988) (refusing to consider legal theories asserted for the first time in brief in opposition to motion to dismiss); *Sube v. City of Allentown,* 974 F. Supp. 2d 754, 763 (E.D. Pa. 2013) ("The affidavit attached to Plaintiff's Brief, in opposition to a pending motion to dismiss, cannot be considered. An affidavit constitutes a matter outside of the pleading. Furthermore, it is neither integral to plaintiff's complaint, nor explicitly relied upon and, therefore, may not be considered for the Motion to Dismiss/Strike.") (internal citations omitted). But even if the Court did consider these documents, they would not salvage the Complaint because nothing in them remedies any of the deficient pleadings; if anything, the attachments show that Defendant accessed Plaintiff's report in connection with firm offers of credit. (*See, e.g.,* Doc. 11-1 at 1; 11-6 at 1.)

intended to furnish the report to automobile dealers; whether she received any offers from the Defendant or any parties to whom Defendant provided her credit report and, if so, what were the contents of those offers; whether any other subsections in section 1681b apply and potentially affect her claim; and so on. In other words, her Complaint must "raise her right to relief above the speculative level" and allege facts that demonstrate how she in particular is entitled to relief, instead of relying on the vague and opaque generalities, legal conclusions, and speculations that her current Complaint puts forward.[3]

The Court will therefore grant Defendant's Motion insofar as it seeks dismissal of the Complaint. However, because the Complaint's defects could be remedied by the submission of an amended complaint that complies with the federal pleading standards cited in this Opinion, dismissal will be without prejudice and with leave to amend.

## V.    Conclusion

Based on the foregoing considerations, Defendant's Motion to Dismiss (Doc. 5) is **GRANTED**. A separate Order follows.

Robert D. Mariani
United States District Judge

---

[3] Because the Court finds that Plaintiff's Complaint fails to state a claim for any FCRA violation at all, is not necessary to address her claim for willfulness. However, the willfulness allegations are subject to the same defects as those specifically addressed here, in that they too are wholly conclusory, speculative, and devoid of particularized facts.

8