IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALLISON LINKO, | : |
| Plaintiff, | : |
| v. | : 3:14-CV-01331 |
| | : (JUDGE MARIANI) |
| MDA CAPITAL, INC. | : |
| Defendant. | : |

## **OPINION AND ORDER**

The background of this Order is as follows. On July 10, 2014, the above-captioned action came before this Court upon removal from the Court of Common Pleas of Lackawanna County. (*See* Notice of Removal, Doc. 1.) The Defendant filed a Motion to Dismiss for Failure to State a Claim on July 17. (*See* Mot. to Dismiss, Doc. 5.) During the Case Management Conference, the Plaintiff requested Oral Argument on Defendant's pending Motion to Dismiss, which was ultimately scheduled for February 26, 2015. (*See* Order, Jan. 26, 2015, Doc. 17.) However, on the morning of February 26, the Plaintiff withdrew her request for Oral Argument due to a perceived likelihood of impending snow. (*See* Pl.'s Mot. to Withdraw Request for Oral Argument, Doc. 19, at ¶ 4.) The Court granted the Motion to Withdraw the Request for Oral Argument and stated that Defendant's pending Motion to Dismiss would be decided on the briefs alone. (*See* Order, Feb. 26, 2015, Doc. 20.)

Upon review of the written briefs, the Court granted Defendant's Motion to Dismiss Plaintiff's Complaint for Failure to State a Claim on March 6, 2015. (*See* Mem. Op., Doc. 22, at 8.) Plaintiff was given fourteen days—or until March 20, 2015—to file an amended complaint. (*See* Order, Mar. 6, 2015, Doc. 23, at ¶ 3.) But Plaintiff never submitted an amended complaint, which prompted this Court, on April 9, 2015, to issue another Order giving Plaintiff an additional fourteen days—or until April 23, 2015—to show cause why her action should not be dismissed for failure to prosecute. (*See* Order, Apr. 9, 2015, Doc. 24.)

Yet again, Plaintiff never responded to the Court's Show Cause Order. Nonetheless, out of an abundance of caution, the Court gave her one final opportunity, on May 1, 2015, to show cause why her case should not be dismissed for failure to prosecute. (*See* Order, May 1, 2015, Doc. 25, at 1.) Plaintiff was further put on notice that a failure to respond to this final order within seven days—or until May 8, 2015—*would* result in the dismissal of her cause of action. (*See id.* at 2.)

Federal Rule of Civil Procedure 41(b) allows for the dismissal of an action for failure to prosecute. Unless stated otherwise, "a dismissal under this subdivision . . . operates as an adjudication on the merits." Fed. R. Civ. P. 41(b).

District Courts in the Third Circuit are required to balance six factors in determining whether to grant such a dismissal with prejudice. These factors are:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and

> respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

Poulis v. State Farm Fire & Cas. Co., 747 F.2d 863, 868 (3d Cir. 1984).

Notwithstanding the fact "that dismissals with prejudice . . . are drastic sanctions," id. at 867, the Court finds that each of the six Poulis factors warrants dismissal here. Nor is this conclusion altered by the fact that this Court has no way of knowing to what extent the failures to respond to Court Orders are attributable to Ms. Linko herself or to her retained attorney. Even if we assume that the misconduct is entirely the fault of Linko's attorney, the Supreme Court has previously noted that "there is certainly no merit to the contention that dismissal of [a party's] claim because of his counsel's unexcused conduct imposes an unjust penalty on the client." Link v. Wabash R.R. Co., 370 U.S. 626, 633, 82 S. Ct. 1386, 1390, 8 L. Ed. 2d 734 (1962). That is because Ms. Linko "voluntarily chose this attorney as [her] representative in the action, and [she] cannot now avoid the consequences of the acts or omissions of this freely selected agent." Id. at 633-34, 82 S. Ct. at 1390.

When we accept these principles, it becomes clear that Plaintiff is entirely responsible for failing to respond to Court orders, which warrants dismissal under the first Poulis factor. She or her attorney disregarded every Court Order filed since March 2015: i.e., the March 6, 2015 Order giving her fourteen days to file an

amended complaint, as well as the April 9 and May 1 Show Cause Orders. Plaintiff's failure to comply with these multiple orders is clearly prejudicial to the adversary given that the Motion to Dismiss was decided in March and that the case has been unable to advance since then due to Plaintiff's nonresponsiveness. Therefore, *Poulis* factor (2) is satisfied as well.

Indeed, time limits imposed by the Court serve the important purpose of expediting the process of litigation. If compliance is not feasible, a timely request for an extension should be made to the court. By ignoring the Court-imposed time limits, Plaintiff's actions constitute a history of dilatoriness, which satisfies *Poulis* factor (3). Furthermore, the Court can only conclude that this conduct was "willful," in that the Plaintiff was given multiple opportunities to take action, yet failed to do so for an extended period of time. Thus, *Poulis* factor (4) is clearly satisfied.

The Court also concludes that sanctions other than dismissal would not be effective. For a period of over two months, Plaintiff was given every opportunity to amend her complaint to avoid dismissal. She has nonetheless ignored every Court Order directing her to amend her complaint or to show cause. Thus, *Poulis* factor (5) is also satisfied.

This leaves the last factor to be addressed, the meritoriousness of Plaintiff's claim. The Court dismissed the Plaintiff's original complaint with leave to amend to "raise her right to relief above the speculative level" and instructed her to "allege

facts that demonstrate how she in particular is entitled to relief, instead of relying on the vague and opaque generalities, legal conclusions, and speculations that her current Complaint puts forward." (*See* Doc. 22 at 8.) The Plaintiff cannot now assert that her claim is meritorious when the only Complaint this Court has ever read was so utterly deficient under Rule 12(b)(6) that it was dismissed for consisting only of speculation and misguided legal conclusions unsupported by any facts.

In balancing the six *Poulis* factors, it is clear that all factors weigh heavily in favor of the dismissal of this action for failure to prosecute. The Court, therefore, is left with no choice but to dismiss it pursuant to Federal Rule of Civil Procedure 41(b).

**AND NOW, THIS 18TH DAY OF JUNE, 2015, IT IS HEREBY ORDERED THAT**:

1. The above-captioned action is **DISMISSED FOR FAILURE TO PROSECUTE**.

2. The Clerk of Court is **DIRECTED** to close the case.

Robert D. Mariani
United States District Judge